UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MCCARTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORPORATION OF THE CATHOLIC ARCHBISHOP OF SEATTLE, et al.,<br><br>　　　　　Defendants. | CASE NO. C06-1840JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on a motion to remand (Dkt. # 9) from Plaintiff Michael McCarty, Trustee of the Bankruptcy Estate of G.C. ("Trustee"). The court has considered the papers filed in connection with this motion and finds the matter appropriate for disposition without oral argument. For the reasons stated below, the court GRANTS the Trustee's motion and REMANDS the matter to Division One of the Washington State Court of Appeals.

## II. BACKGROUND

On January 26, 2004, G.C. filed for Chapter 7 bankruptcy protection. The bankruptcy court discharged all of G.C.'s debts and closed his case on May 24, 2004. Several months later, in late November 2004, G.C. and 12 other plaintiffs filed a complaint in King County Superior Court seeking relief for emotional distress resulting from alleged sexual abuse that occurred in schools operated by Defendants. In November

ORDER – 1

2005, Defendants filed a motion for summary judgment in which they argued that judicial estoppel should bar G.C.'s lawsuit because he failed to disclose it during the bankruptcy proceeding. Judge Paris Kallas agreed and granted Defendants' motion. G.C. lost his motion to reconsider and appealed Judge Kallas's ruling to Division One of the Washington State Court of Appeals. On October 19, 2006, the Trustee moved to substitute as the real party in interest in the civil suit. On November 29, 2006, the Court of Appeals granted the motion and substituted the Trustee for G.C. as plaintiff.

Defendants removed the action on the theory that, when the Court of Appeals substituted the Trustee as plaintiff, it recognized that any claim against Defendants is the property of G.C.'s bankruptcy estate, which in turn, invokes this court's Title 11 jurisdiction. Notice of Removal at 5. The Trustee now moves to remand the action to the Court of Appeals.

### III.  ANALYSIS

At the outset, the court notes that Defendants should have filed their notice of removal with the Clerk of the Bankruptcy Court of this District pursuant to the court's general reference order regarding bankruptcy cases and proceedings. W.D. Wash. Local Rules GR 7 ("This court hereby refers to the bankruptcy judges of this district all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11."). Although the proper place to file a notice of removal is somewhat unclear under the bankruptcy removal statute, 28 U.S.C. § 1452, the majority of courts have directed parties to file notices of removal with the clerk of the bankruptcy court. See Bennett, Thomas B., REMOVAL, REMAND, AND ABSTENTION RELATED TO BANKRUPTCIES: YET ANOTHER LITIGATION QUAGMIRE!, 27 Cumb. L. Rev. 1037, 1063-65 (1996-1997) (summarizing cases). Indeed, the federal bankruptcy rules provide that a removing party must file its notice with the "clerk," Fed. R. Bankr. P. 9027(a), which the rules define as "the court officer responsible for the bankruptcy records in the district." Fed. R. Bankr. P. 9002(3).

ORDER – 2

Notwithstanding Defendants' procedural misstep, the court considers the motion as it is now familiar with the record and because referring the matter to a bankruptcy judge at this stage would only further delay proceedings. The court hereby withdraws the automatic reference for purposes of this motion and proceeds to the merits.

The bankruptcy removal statute, which Defendants neglected to cite in their removal petition, provides for removal of a state action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452. Section 1334, in turn, provides that federal district courts have exclusive jurisdiction over all cases under Title 11 of the United States Code, and concurrent jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(a), (b). The court construes removal statutes narrowly, with a presumption against removal and in favor of remand. Cf. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The party seeking to remove a case to federal court has the burden of proving the propriety of removal. Id.

The court concludes that Defendants have failed to meet their burden to demonstrate that this court has removal jurisdiction. In a discussion that spans less than a paragraph, Defendants allege that removal is proper because the Trustee is pursuing an action under Title 11.[1] Resp. at 11 ("It is very difficult for the Defendants to see how this is anything but a core action in which the Trustee seeks to liquidate an estate asset.").[2]

---

[1] Because Defendants failed to argue other grounds for removal, the court does not consider other potential bases for asserting jurisdiction over the matter and does not need to reach the Trustee's discussion of factors favoring remand on equitable grounds.

[2] In contravention of the Federal Rules of Bankruptcy Procedure, Defendants do not allege in their notice of removal whether the matter is "core" or "non-core." See Fed. R. Bankr. P. 9027(a)(1) (outlining form and content of removal notice). The general distinction between core and non-core lawsuits is that Congress empowered the bankruptcy courts to render final judgments in core proceedings, but limited its role in non-core proceedings. See 28 U.S.C. § 157(b)(1); see also In Re Cinematronics, Inc., 916 F.2d 1444, 1449 (9th Cir. 1990).

ORDER – 3

Defendants dedicate the remainder of their brief discussing issues entirely irrelevant to the instant question. Regardless, what is clear from the briefs is that the Trustee now stands in G.C.'s shoes to litigate a personal injury claim, which is a state-created cause of action. A personal injury tort is *not* a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(A). See In re Eastport Associates, 935 F.2d 1071, 1076 (9th Cir. 1987) ("If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding . . . .") (citation and internal quotation omitted). Accordingly, Defendants basis for removal fails.

The sole authority that Defendants cite, In re Poole Funeral Chapel, Inc., 63 B.R. 527 (D. Ala. 1986), does not change the court's conclusion. There, the bankruptcy court faced the question of whether it had jurisdiction to *estimate* certain tort and non-tort claims against Chapter 11 debtors to determine whether reorganization was possible. Id. at 533-34. This is an entirely separate question from whether a district court has jurisdiction to try the tort claim itself. See id. at 534 (noting that once estimation phase concluded, district court would determine whether to try tort claims or permit them to proceed in state court); see also In re White Motor Credit, 761 F.2d 270, 273-74 (6th Cir. 1985) (holding that Bankruptcy Code provisions related to personal injury tort claims do not prevent district court from leaving tort cases in the state forum where they are pending).

## IV.  CONCLUSION

For the reasons stated above, this court GRANTS the Trustee's motion (Dkt. # 9) and REMANDS the matter to Division One of the Washington State Court of Appeals. The court declines to exercise its discretion to award attorneys' fees and costs.

Dated this 13th day of March, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 4